IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JULIAN P. GUTIERREZ, III          §
(TDCJ No. 2063107),               §
          Petitioner,       §
               §
V.                                §          No. 3:18-cv-1895-G-BN
               §
LORIE DAVIS, Director              §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
          Respondent.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Julian P. Gutierrez, III, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The State filed a response opposing relief. *See* Dkt. No. 17. Gutierrez filed a reply. *See* Dkt. No. 18. For the reasons explained below, the Court should deny Gutierrez's federal habeas petition.

**Applicable Background**

After a jury found Gutierrez guilty of robbery, he "pleaded true to one enhancement paragraph" and "the trial court assessed punishment at twenty years' imprisonment." *Gutierrez III v. State*, No. 05-16-00755-CR, (Tex. App. – Dallas May 31, 2017, pet. ref'd.); Dkt. No. 16-3. The Dallas Court of Appeals affirmed Gutierrez's conviction as modified. *Id.* ("We modify the judgment to show the punishment was

1

assessed by the trial court .... Accordingly, we modify the sections of the judgment entitled 'plea to 1st enhancement paragraph' and 'findings on 1st enhancement paragraph' to show 'True,' and modify the section entitled 'degree of offense' to show '2nd degree felony.'"). The Texas Court of Criminal Appeals ("CCA") refused Gutierrez's petition for discretionary review. *See Gutierrez v. State*, No. PD–0611-17 (Tex. Crim. App. 2017).

Gutierrez filed an initial state application for writ of habeas corpus, Dkt. No. 16-17 at 23-41, which the CCA dismissed because his conviction was not yet final. Dkt. No.16-16. He filed a second state application claiming that his trial and appellate attorneys were constitutionally ineffective on numerous issues. Dkt. No. 16-19 at 25-44. On April 25, 2018, the CCA denied Gutierrez's application without written order on the findings of the trial court. *See Ex parte Gutierrez*, WR-87,466-02 (Tex. Crim. App. April 25, 2018); Dkt. No. 16-18.

In his timely-filed federal habeas application, Gutierrez raises the grounds for relief he raised in his second state application. Dkt. No. 2 at 6-9.

## Legal Standards and Analysis

I.    Claims

Gutierrez raises seven claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. *See Id.*

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

3

prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301,

303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it

finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a Section 2254 petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## A.    Ineffective Assistance

Gutierrez makes seven claims of ineffective assistance of trial counsel. Specifically, Gutierrez argues counsel was ineffective by (1) failing to visit the crime scene, (2) failing to conduct an independent pretrial investigation, (3) failing to request a pre-trial in-court identification line-up, (4) failing to effectively cross-examine prosecution witnesses, (5) failing to subpoena the crime scene investigator, (6) failing to move for a directed verdict, and (7) failing to request a new trial based on identity issues. *See* Dkt. No. 2 at 6-9; Dkt. No. 3. Gutierrez additionally claims that his

appellate counsel was ineffective for failing to raise a specific issue on appeal. *See* Dkt. No. 2 at 6; Dkt. No. 3 at 11.

The Court reviews claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See id.* at 687-88. A petitioner must prove entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

9

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

10

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ____, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim

that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

A counsel's performance on appeal is judged under the two-prong *Strickland* test. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Id*. at 1043. "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id*. To demonstrate prejudice, a petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir.2001) (citations omitted). Additionally, appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim . . . it is difficult to demonstrate that counsel was incompetent." *Id*.

Regarding Gutierrez's first two claims, he alleges that his counsel was ineffective for "failing to visit the crime scene," Dkt. No 3 at 5, and "failing to conduct an independent pretrial investigation," *id*. at 6. He alleges that, had counsel visited the crime scene and conducted an independent investigation, counsel would have been able to "effectively cross-examine the complainant" regarding his version of the events of the crime, been able to locate other witnesses, and check businesses near to the crime

12

scene for possible video footage that would exclude Petitioner as the perpetrator of the crime, and further, would have known that there was no DNA or fingerprint evidence matching Petitioner to the crime. *Id.* Gutierrez's claims are vague and conclusory. He only lists actions that he believes counsel should have, but failed, to take and then argues that this failure caused his counsel to provide ineffective assistance. He provides no support from the record to substantiate any of his claims, which, unsupported by evidence from the record, are insufficient. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (stating "[m]ere conclusory statements do not raise a constitutional issue in a habeas case.").

And, specifically as to Gutierrez's claim that counsel failed to locate witnesses, "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (citations omitted). Petitioners alleging ineffective assistance of counsel must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Gutierrez fails to meet any of these four requirements. *See* Dkt. No. 2 at 6-9; Dkt. No. 3 at 5-6.

Regarding the lack of DNA and fingerprint evidence, neither was used at trial to connect Gutierrez to the crime scene with regard to the stolen vehicle or ensuing physical altercation with the complainant. *See generally* Dkt. Nos. 16-6, 16-7, 16-8. The

only use of this type of evidence at trial came in solely to demonstrate that Gutierrez, as the defendant at trial, was the same person who was arrested at the crime scene. *See* Dkt. No. 16-8 at 50-53.

And Gutierrez fails to demonstrate how his attorneys' supposed deficient performance on these two claims prejudiced him. He has failed to "affirmatively prove" that he was prejudiced by his counsels' alleged failure to visit the crime scene or conduct an independent investigation. This is insufficient. *See Strickland*, 466 U.S. at 693. Gutierrez makes an unsupported statement that, had his counsel conducted an independent investigation, "[t]his would have resulted in a nolle prosequi or dismissal with prejudice." Dkt. No. 3 at 6. Presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Gutierrez has failed to demonstrate that his counsel was ineffective regarding these claims. *Strickland,* 466 U.S. at 687-88.

Next, Gutierrez claims that his counsel was ineffective for failing to request a pre-trial in-court identification line-up. *See* Dkt. No. 2 at 7. He avers that "such a line-up would have strategically placed the court on notice that it was not the Petitioner who committed the act described by the complainant." *Id*. But, when the complainant was asked at trial if he could identify the perpetrator in the courtroom, he failed to identify Gutierrez as the perpetrator. *See* Dkt. No. 16-7 at 125.

Gutierrez's counsel addressed this claim in her affidavit in the state habeas proceedings. In that affidavit, attorney Sarah Duncan stated:

14

> We filed a motion, that was granted, to do a pre-trial Identification Hearing. We decided against doing it. We knew the complaining witness would have a hard time identifying Mr. Gutierrez and it would be good for us in trial.

Dkt. No. 16-19 at 87.

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Here, Gutierrez cannot demonstrate that counsel was deficient for choosing to defer until trial the issue of the complainant's identification or, in this case, misidentification of Gutierrez. It is arguably more beneficial for Gutierrez's defense to have the complainant misidentify Gutierrez at trial, in front of the jury, rather than at a pre-trial hearing. Assuming there had been a pretrial hearing at which the complainant misidentified Gutierrez, this would have given the complainant the opportunity to not make that misidentification again at trial. Thus, Gutierrez fails to demonstrate either deficient performance or prejudice regarding this issue. *See Strickland,* 466 U.S. at 687-88; *Cotton*, 343 F.3d at 752-53 .

Gutierrez next claims that his counsel failed to effectively cross-examine prosecution witnesses. Specifically, Gutierrez argues that his counsel should have "elicited the necessary information [from the complainant] to accentuate complainant's doubt as to the perpetrator." And Gutierrez argues that his counsel "failed to ask responding officer Valarezo if Petitioner had a bite-mark on his back and/or if Petitioner was taken to the hospital for any injuries consistent with a vehicle crash and

an air bag deployment." Dkt. No. 3 at 10. Gutierrez further alleges that his counsel "should have been able to elicit testimony from the responding officer that demonstrated there were a group of males [at the crime scene] who any one could have matched the generic description by the complainant." Dkt. No. 2 at 8. Other than these general statements, Gutierrez provides no further discussion or support from the record for his claims. *See id.*; Dkt. No. 3 at 9-10. These conclusory allegations are insufficient to demonstrate trail counsel was ineffective. *See Miller*, 200 F.3d at 282.

Furthermore, the record does not demonstrate that there was a group of males at the crime scene, as Gutierrez alleges. Officer Valarezo testified that she encountered one male witness when she reached the crime scene, *see* Dkt. No. 16-8 at 17, but that, when she attempted to locate him after her initial investigation, he was gone and she had no contact information for the witness, *see id.* at 29.

Additionally, Gutierrez fails to even allege, much less "affirmatively prove," that, had his counsel cross-examined the state's witnesses any differently, the results of the proceeding would have been different. Thus, this claim fails. *See Strickland*, 466 U.S. at 693.

Gutierrez next claims that his counsel was ineffective for failing to subpoena the "crime scene technician/investigator." Dkt. No. 2 at 8; Dkt. No. 3 at 10. He states, without any further evidence, that the investigator could have given testimony as to the lack of DNA or fingerprint evidence as well as "any other investigative developments [that] occurred ... that could demonstrate that Petitioner was the assailant or to exonerate Petitioner." Dkt. No. 2 at 8.

16

"Because deciding whether to call witnesses is a strategic trial decision, ... complaints of uncalled witness are 'disfavored' as a source of *Strickland* habeas review." *United States v. Harris*, 408 F.3d 189, 190 (5th Cir. 2005) (citing *Buckley v. Collins*, 904 F.2d 263, 266 (5th Cir. 1990). And, as explained above, petitioners must name the witness, demonstrate that the witness was available and would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to petitioner's defense. *See Day*, 566 F.3d at 538. With regard to any crime scene investigator, Gutierrez fails to name that person or demonstrate that he or she was available and would have testified. Gutierrez also fails to set out the content of the proposed testimony or show that the testimony would have been favorable to his defense. Furthermore, Gutierrez has failed to "affirmatively prove" that he was prejudiced by his counsel's failure to call the unnamed investigator as a witness. *See Strickland*, 466 U.S. at 693. Gutierrez has failed to meet the standard for demonstrating IAC under these circumstances.

Gutierrez also argues that his counsel was ineffective for failing to move for a directed verdict on the basis that the state failed to demonstrate that he was the person who stole the complainant's vehicle. *See* Dkt. No. 2 at 8-9; Dkt. No. 3 at 10-11. Although his counsel did move for a directed verdict, it was on a separate ground, not related to Gutierrez's identity as the perpetrator. *See* Dkt. No. 16-8 at 54. Gutierrez argues that, because the victim failed to identify him at trial and in fact, identified someone else in the courtroom as the perpetrator, his counsel was ineffective for failing

17

to request a directed verdict on the basis of identity. *See* Dkt. No. 2 at 8-9; Dkt. No. 3 at 10-11.

To establish prejudice, Gutierrez must show that there is a reasonable probability that, had counsel moved for a directed verdict, the motion would have been granted. *See United States v. Rosalez-Orozco*, 8 F.3d 198, 199 (5th Cir. 1993). But failure to move for directed verdict does not render counsel ineffective "where there was possibly sufficient evidence of guilt to support a guilty verdict and no reason to believe that such a motion would be granted." *Burston v. Caldwell*, 506 F.2d 24, 28 (5th Cir. 1975).

Here, Gutierrez's IAC claim fails due to witness testimony at trial. At trial, the complainant stated that he never lost sight of the person who stole his vehicle, *see* Dkt. No. 16-7 at 129-30, 133-34, and that he was fighting with that same person when the police arrived and handcuffed them both, *see id.* at 153. And Officer Valarezo stated that Gutierrez was the person she handcuffed after breaking up the fight between Gutierrez and the complainant. *See* Dkt. No. 16-8 at 22-23. Thus, there was at least "possibly sufficient" evidence in the record to demonstrate that Gutierrez was the person who stole complainant's vehicle. Because there was possibly sufficient evidence of guilt to support a guilty verdict and no reason to believe that a directed verdict motion would be granted, counsel was, at the least, not constitutionally ineffective for not making such a request. *See Burston*, 506 F.2d at 28; *see also Sones v. Hargett*, 61

F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point").

Relatedly, Gutierrez claims that his trial counsel was ineffective for failing to request a new trial "based on complainant not identifying Petitioner as the perpetrator nor there being any more nexus to connect Petitioner to the crime." Dkt. No. 2 at 9. This claim fails for the same reason as Gutierrez's claim regarding a directed verdict. The record shows that identification of Gutierrez was established through the combined testimony of the complainant and Officer Valarezo. *See* Dkt. No. 16-7 at 129-30, 133-34, 153. Thus, Gutierrez fails to show his counsel was ineffective for failing to request a new trial. *See Sones*, 61 F.3d at 415 n.5.

Finally, Gutierrez avers that his appellate counsel provided ineffective assistance by not raising on appeal a sufficiency-of-the-evidence claim. *See* Dkt. No. 2 at 6; Dkt. No. 3 at 11-12. Gutierrez does not elaborate on what he believes to be insufficient with regard to the evidence. *See id.*

"The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)). Counsel has a professional duty to choose among potential issues, according to his or her judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *See Jones*, 463 U.S. at 752. Thus, in order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal was

objectively unreasonable. *See United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)

(citing *Strickland*, 466 U.S. at 687).

Gutierrez's appellate counsel provided an affidavit in the state habeas

proceedings in which she stated the following:

> I represented Julian Gutierrez on his appeal in cause number 05-16-00755-CR. After a thorough examination of the record, I could find no ground of error supported by the record that could be raised on appeal beyond the issue that I presented in the brief I filed. While appellant believes that the weight of evidence was not legally sufficient to support a conviction, my research on the topic lead me to believe otherwise. There have been convictions upheld by the CCA with less evidence than the evidence presented in this case.

Dkt. No. 16-19 at 96.

Gutierrez fails to show that his appellate counsel's reasoning was objectively

unreasonable. He states, without further support, that "it was not sound strategy" to

fail to raise a sufficiency claim on appeal. Gutierrez's claim fails to demonstrate the his

appellate was ineffective for not raising this claim on appeal and so fails. *See Conley*,

349 F.3d at 841. Furthermore, even if Gutierrez could demonstrate his counsel was

deficient for failing to raise this claim on appeal, he has failed to show that he was

prejudiced by the action. Gutierrez states, in conclusory fashion, that appellate counsel

was ineffective "and this ineffectiveness deprived [him] of an appeal or from effective

representation on appeal." Gutierrez fails to affirmatively prove that he was prejudiced

by any alleged action of his appellate counsel. Thus, this claim should be denied. *See*

*Strickland*, 466 U.S. at 693.

And the undersigned has reviewed the state habeas court's proceedings with regard to these claims. Because the state habeas court's decision to deny relief did not involve an unreasonable application of *Strickland*, Gutierrez's § 2254 petition should be denied. Gutierrez also fails to show that the state-court decision was unreasonable by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As such, Gutierrez fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: May 14, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE